**CONTINUATION IN SUPPORT OF CRIMINAL COMPLAINT**

I, Richard Suda, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this continuation in support of a criminal complaint against Fernando Santos Jr. for a violation of 18 U.S.C. § 117, domestic assault by an habitual offender. Based on the information disclosed below, I submit there is probable cause to believe that on or about August 8, 2026, Santos violated 18 U.S.C. § 117, domestic assault by an habitual offender, in the Western District of Michigan. I therefore request that the Court authorize the criminal complaint and an arrest warrant for Santos.

2. I am a Special Agent with the FBI and have been since February 2023. I am currently assigned to the Marquette Resident Agency in Marquette County, Michigan. In my employment as an FBI Special Agent, I have received training in investigating various types of Federal criminal violations, including assaultive crimes. Prior to being hired by the FBI, I was employed by the Ohio Department of Public Safety as a State Trooper for almost 7 years.

3. My duties include the investigations of various violations of federal criminal law, including violations of 18 U.S.C. § 117, domestic assault by an habitual offender. The facts in this continuation come from my personal observations, my training and experience, and information obtained from other agents, other law enforcement officers, and witnesses. This continuation is intended to show merely that there is sufficient probable cause for the requested warrant and does not set

forth all of my knowledge about this matter.

## APPLICABLE LAW

4. Based on my conversations with an Assistant United States Attorney, I know that the elements of a violation of 18 U.S.C. § 117 are:

a. That the offense occurred in Indian Country, as defined by 18 U.S.C. § 1151;

b. That the defendant committed a domestic assault[1]; and

c. That the defendant has convictions on at least two separate prior occasions in Federal, State, or tribal court for offenses that would be, if subject to Federal jurisdiction, an assault against a spouse or intimate partner.[2]

---

[1] "'[D]omestic assault' means an assault committed by a current or former spouse, parent, child, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabitating with or has cohabitated with the victim as a spouse, parent, child, or guardian, or by a person similarly situated to a spouse, parent, child, or guardian of the victim." 18 U.S.C. § 117(b).

[2] A "spouse or intimate partner" includes, among other things, "a person who is or has been in a social relationship of a romantic or intimate nature with the abuser, as determined by the length of the relationship, the type of relationship, and the frequency of interaction between the persons involved in the relationship." 18 U.S.C. § 2266(7)(A)(i)(II). *See United States v. LaVictor*, 848 F.3d 428, 458 (6th Cir. 2017) (citing *United States v. St. John*, 716 F.3d 491, 493 (8th Cir. 2013)).

## PROBABLE CAUSE

5. On August 17, 2026, Victim arrived at the Sault Tribe Law Enforcement (STLE) police department to file a report. STLE Officer Thorne met with Victim and heard Victim's complaint. Victim informed Officer Thorne that they had a child (Minor) with Santos.

6. Victim reported that on August 8, 2026, Santos assaulted Victim. Victim reported that the events described in the following paragraphs occurred at Victim's residence, which is a known address in Kincheloe, Michigan. Based on conversations with a STLE detective, Victim's residence is located in Chippewa County, on land held in trust by the United States for the benefit of the Sault Ste. Marie Tribe of Chippewa Indians (SSMTCI), a federally recognized tribe, which the United States Attorney's Office informs me makes it Indian Country as defined by federal law. The residence is located within the Northern Division of the Western District of Michigan.

7. Victim reported the following:

a. Santos became upset after Victim was on a phone call with a sibling discussing Victim's father's upcoming birthday. Santos started to yell and became aggressive with Victim, so Victim left Santos and went downstairs with Minor to separate themselves from Santos. Santos was standing on the stairs to the living room and picked up Minor. Santos was still upset and continued to yell at Victim, calling Victim a "bitch" and a "whore." Santos took Minor into the bedroom and Minor was

crying. Victim tried to take Minor from Santos, but he pushed Victim to the ground; Victim landed on their back. Victim got up from the ground and shoved or slapped Santos in the chest with their hand. Victim was able to get Minor from Santos and sat on the bed with Minor to keep Minor away from Santos.

b. Santos came up behind Victim, put his arm around their neck, and started to squeeze. Victim described it as a "choke hold" and had trouble breathing. Victim could not recall exactly what happened during the "choke hold" but Santos eventually let Victim go. Victim kicked Santos away after Santos released Victim. Victim then used their forearm to block a closed fist punch from Santos. On a 1 to 10 scale, Victim described the pain from the "choke hold" as a 4. On the same scale, Victim scored the amount of pressure during the assault as a 10. After the assault, Victim's throat hurt and they had trouble speaking.

c. Immediately following the assault, Victim took Minor and went downstairs to get away from Santos. Santos came downstairs and continued to yell at Victim. Victim told Santos that Victim was going to call 911 if he did not leave Victim alone. Santos attempted to take Victim's cellphone. Santos thought that Victim already called 911 and left the house.

8. Victim later photographed some of the injuries obtained during the assault by Santos. Those photographs were given to STLE and FBI. While viewing

those photographs, I observed a bruise on Victim's buttocks, on the back of the arm near the elbow, and on the inside of the forearm.

9. During the interview, Officer Thorne photographed Victim's injuries, and the bruise on the buttocks was still present. A bruise on Victim's lower left leg was also photographed.

## CRIMINAL HISTORY

10. A criminal history check of Santos showed multiple prior convictions for assaulting intimate partners.

11. On or about December 12, 2003, the Miami Police Department (Miami, Florida) responded to a report of a domestic violence incident. The victim, who was a minor and was pregnant, reported she had been in a dating relationship with Santos for nine (9) months. She reported Santos became enraged during an argument about her phone usage and began punching and slapping her on her arms and face before biting her forehead. Santos was convicted in Miami-Dade County Court for Aggravated Battery on a Pregnant Victim, Florida Statute 784.045 (Court case number F-03-034716).

12. On or about November 25, 2009, the Miami Police Department (Miami, Florida) prepared a police report for the arrest of Santos. The arrest report states that the victim and Santos were in a dating relationship for seven (7) months prior to the assault. The report states that on November 24, 2009, Santos struck the victim multiple times in the face leaving the victim's eye swollen and purple. Santos was convicted Miami-Dade County Court for Battery: Touch or Strike, Florida Statute

784.03 (Court case number F-09-038377).

13. On or about June 24, 2013, the Hialeah Police Department (Hialeah, Florida) prepared a police report for the arrest of Santos. The report states that "DEF AND VICTIM ARE BOY/GIRLFRIEND" and they had been dating for approximately five (5) months and living with each other for approximately two (2) months. The victim reported that on June 14, 2013, Santos assaulted that victim, beating her on her body and face. The victim went to the hospital and had to miss four (4) days of work. The victim reported Santos had assaulted her again on June 24, 2013, pushing and striking her. Santos was convicted in Miami-Dade County Court for Battery: Touch or Strike, and Felony Battery: Prior Conviction, Florida Statute 784.03 (Court case number F-13-014684).

## CONCLUSION

14. I submit that this continuation establishes probable cause to believe that Santos violated 18 U.S.C. § 117, domestic assault by an habitual offender. I, therefore, request that the Court authorize the criminal complaint and issue an arrest warrant for Santos' arrest.